UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No.

04 1198 0

DENNIS M. DONOVAN,

                 Plaintiff,

v.

RAYTHEON COMPANY, DANIEL P.
BURNHAM AND THOMAS D. HYDE,

                 Defendants.

MAGISTRATE JUDGE RBC

RECEIPT # 58046
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 9/14/04

**COMPLAINT**

**Introduction**

This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57. The Plaintiff, Dennis M. Donovan ("Donovan"), seeks a judgment regarding the applicability and scope of confidentiality agreements between himself and the Defendants. Donovan intends to file a separate action for legal malpractice against Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C. ("Mintz Levin"). The Complaint against Mintz Levin will contain details of Donovan's relationship with the Defendants. Donovan is seeking a judgment that will clarify the scope of any confidentiality obligations between the parties prior to the filing of the Mintz Levin Complaint.

**Parties**

1.    Plaintiff Dennis M. Donovan resides at 5096 Long Island Drive, Atlanta, Georgia. From October 1998 to April 2001, Donovan was Senior Vice President of Human

2

Resources at Raytheon, which is located in Lexington, Massachusetts. He is currently the Executive Vice President of Human Resources for The Home Depot, Inc. ("Home Depot").

2. Upon information and belief, Defendant Raytheon Company ("Raytheon") is a Delaware corporation with a principal place of business in Waltham, Massachusetts.

3. Upon information and belief, Defendant Daniel P. Burnham ("Burnham") is a resident of Naples, Florida. Burnham is Raytheon's former Chief Executive Officer ("CEO") and is its former Chairman of the Board of Directors.

4. Upon information and belief, Defendant Thomas D. Hyde ("Hyde") is a resident of Arkansas. Hyde was formerly a Senior Vice-President and General Counsel of Raytheon. Hyde was also the Secretary of Raytheon's Board of Directors during the time Donovan was employed with Raytheon. In July 2001, Hyde became the Executive Vice President for legal and corporate affairs at Wal-Mart Stores, Inc.

### Jurisdiction and Venue

5. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57. There is complete diversity between the parties. The amount in controversy exceeds $75,000 exclusive of interest and costs.

6. This court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and has jurisdiction over the Defendants because the actions that give rise to this action occurred in Massachusetts. In addition, Defendant Raytheon resides in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claim occurred in this District.

## Facts

8. Donovan is a human resources executive. He was a Senior Vice President and Director of Human Resources at Raytheon from 1998 to 2001.

9. Donovan and Raytheon signed several employment agreements and amendments.

10. Mintz Levin represented Donovan with respect to his employment agreements with Raytheon.

11. Donovan left Raytheon in 2001 to take the top Human Resources position at Home Depot.

12. After leaving Raytheon, a dispute arose between Donovan and Raytheon regarding the benefits due to Donovan under his employment agreements.

13. Donovan and Raytheon subsequently engaged in an arbitration. The resulting Award has been confirmed and is an Order of this Court, under civil case number 02-10909.

14. After the arbitration, Donovan and the Defendants entered into a settlement agreement.

15. Certain confidentiality obligations arise from the arbitration and settlement agreement.

16. Donovan intends on filing a Complaint against Mintz Levin, alleging that it, and several of its lawyers, committed malpractice in their representation of Donovan regarding his employment agreements with Raytheon.

17. The Complaint Donovan intends to file contains detailed allegations about his relationship with Raytheon and Mintz Levin.

18. Donovan does not believe that any of the allegations in the Mintz Levin Complaint violate existing confidentiality obligations. Donovan also believes that some or all of the confidentiality obligations may be inapplicable in the proceeding against Mintz Levin.

19. Donovan's counsel has corresponded with Defendants' counsel regarding the scope of the confidentiality obligations, in an attempt to confirm that the Mintz Levin Complaint does not violate existing confidentiality obligations.

20. Raytheon's counsel has claimed that the confidentiality obligations are broader than Donovan believes.

21. Donovan's counsel made numerous efforts to clarify the scope of the confidentiality obligations with the Defendants and requested that the Defendants produce agreements and other documents that support their position on confidentiality. Defendants' counsel has not responded to these requests.

22. Donovan also requested a waiver of confidentiality obligations, so that he could convey certain information to Mintz Levin about his claim, but the Defendants declined.

23. Donovan sent a copy of the Mintz Levin Complaint to Defendants' counsel and requested confirmation that nothing in it violates any confidentiality agreement between the parties. This was a final attempt to resolve the controversy without court intervention. The Defendants have not provided the requested confirmation.

24. There is an actual controversy regarding the scope of the confidentiality obligations between the parties.

25. The confidentiality obligations at issue are valuable legal rights, and plaintiff faces a real danger of injury if this matter is not decided by judgment of this court prior to the filing of his Complaint against Mintz Levin.

26. Donovan intends on explaining to the court the details of the various agreements and positions of the parties to assist in the determination of this matter, but considering the Defendants' current position on confidentiality, Donovan intends on amending this Complaint after filing a motion to have the amended pleading filed under seal, so that nothing in the public record could give rise to any claims of breach of confidentiality by Donovan.

27. Donovan requests that the court order a speedy hearing of this matter and that it be advanced on the calendar pursuant to Federal Rule of Civil Procedure 57, because the statute of limitations on his claim against Mintz Levin is running.

**WHEREFORE**, Plaintiff requests:

A. That the court enter an order adjudging and declaring that the confidentiality obligations between the parties are not applicable to an action to be filed by Donvovan against Mintz Levin; and/or

B. Adjudging and declaring that the Complaint to be filed by Donovan against Mintz Levin does not violate the confidentiality obligations of the parties; and/or

C. Adjudging and declaring the existence and scope of the confidentiality agreements between the parties; and

D.  Such other and further relief as may be in the interest of justice.

          Respectfully submitted,

          Dennis M. Donovan,

          By his attorneys,

          _____
          Daniel R. Solin, Esq. (BBO# 556342)
          66 West Street, 3rd Floor
          Pittsfield, Massachusetts 01201
          (413) 443-7800

          _____
          Kevin M. Kinne, Esq. (BBO# 559004)
          David E. Valicenti, Esq. (BBO# 632980)
          CAIN HIBBARD MYERS & COOK, PC
          66 West Street, 3rd Floor
          Pittsfield, Massachusetts 01201
          (413) 443-4771

Dated: September 13, 2004