UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No.: 04-11980MLW

DENNIS M. DONOVAN,

        Plaintiff,

v.

RAYTHEON COMPANY, DANIEL P.
BURNHAM AND THOMAS D. HYDE,

        Defendants.

## ANSWER OF ALL DEFENDANTS

Defendants, Raytheon Company ("Raytheon"), Daniel P. Burnham ("Mr. Burnham"), and Thomas D. Hyde ("Mr. Hyde"), hereby submit this Answer to Plaintiff's Complaint.

### Parties

1.    Defendants admit that, from approximately October 1998 through March 2001, Dennis Donovan was Senior Vice President of Human Resources at Raytheon Company ("Raytheon"), deny that Raytheon is currently headquartered in Lexington, Massachusetts, and lack information sufficient either to admit or deny the remaining allegations of this paragraph.

2.    Admitted.

3.    Admitted that Daniel P. Burnham was formerly Chief Executive Office and Chairman of the Board of Directors of Raytheon, and that Mr. Burnham is a resident of Florida.

4. The first and second sentences are admitted. Admitted further that Mr. Hyde acted as Secretary to Raytheon's Board of Directors during some portion of the time when Mr. Donovan was employed by Raytheon. Admitted that, in July 2001, Mr. Hyde because the Executive Vice President, Legal and Corporate Affairs, at Wal-Mart Stores, Inc.

## Jurisdiction and Venue

5. The defendants deny that the amount in controversy exceeds $75,000 exclusive of interest and costs. The remainder of this paragraph consists of legal conclusions and, as such, requires no response. To the extent any response is required, the allegations are denied.

6. The defendants Admit only that defendant Raytheon resides in this District. The remainder of this paragraph consists of legal conclusions and, as such, requires no response. To the extent any response is required, the allegations are denied.

7. Denied.

## Facts

8. The first sentence is admitted. Admitted further only that, from approximately October 1, 1998 to April 1, 2001, Donovan was Senior Vice President, Human Resources, at Raytheon.

9. The defendants admit only that Raytheon and Donovan entered an employment agreement dated October 1, 1998. The remaining allegations of this paragraph are denied.

10. Although the defendants believe this allegation to be true, they lack information sufficient either to conclusively admit or conclusively deny the allegations of this paragraph.

11. The defendants admit that Donovan left Raytheon in 2001, and that he informed them that he was leaving to take a position at Home Depot.

12. The defendants admit that, before and after Donovan's departure from Raytheon, a dispute arose between Donovan and Raytheon regarding benefits Donovan claimed, but deny his characterization of that dispute.

13. Admitted.

14. Admitted.

15. Admitted.

16. The defendants lack information sufficient either to admit or deny the allegations of this paragraph, and therefore deny same.

17. The defendants admit that Donovan has provided them with a draft Complaint that contains detailed information relating to both Raytheon and to Mintz Levin, but are without knowledge or information sufficient either to admit or deny that this draft constitutes the final Complaint that Donovan intends to file.

18. This paragraph consists entirely of allegations concerning Donovan's beliefs, and as such requires no response. To the extent any response is required, the allegations are denied. Further answering, the defendants state that they deny the accuracy of Donovan's purported "beliefs."

19. The defendants admit that Donovan's counsel has corresponded with defendants' counsel regarding confidentiality requirements, but denies that the Mintz Levin Complaint does not violate existing confidentiality obligations.

20. The defendants admit that Raytheon's counsel has informed Donovan's counsel that the disclosure Donovan seeks to make is precluded because of confidentiality requirements to which Donovan previously agreed.

21. The defendants admit that Donovan's counsel has sought to have Donovan relieved from the obligation to comply with existing confidentiality requirements, and admits that the defendants' counsel has not agreed to relieve Donovan. The allegations of this paragraph are otherwise denied.

22. The defendants admit that Donovan requested a waiver of his confidentiality obligations, purportedly to allow him to convey information to Mintz Levin about his claim, and that the defendants declined to acquiesce in that request. Any remaining allegations of this paragraph are denied.

23. The defendants admit that Donovan's counsel provided a draft of a complaint to Raytheon's counsel and requested that Donovan be relieved of his confidentiality requirements, and that Raytheon declined to acquiesce in that request. Any other allegations contained in this paragraph are denied.

24. This paragraph consists of a legal conclusion that does not require a response. To the extent any response is required, denied.

25. The defendants admit that Donovan's confidentiality obligations to the defendants are valuable legal rights *of the defendants,* and that the defendants are entitled to the protections those confidentiality obligations afford them. The defendants further

agree that the plaintiff could be exposed to significant liability if he breaches or circumvents his confidentiality obligations to the defendants. Any other allegations contained in this paragraph are denied.

26. The defendants lack information sufficient either to admit or deny the allegations of this paragraph regarding Donovan's "intent". Further answering, the defendants say that the disclosures and actions contemplated by Donovan are contrary to his obligations to the defendants.

27. This paragraph consists of a summary of the relief sought by Donovan and a legal conclusion and, therefore, no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, the defendants respectfully request:

A. That the court enter an order adjudging and declaring that the confidentiality obligations between the parties preclude the disclosure sought by Donovan;

B. That the court enter an order adjudging and declaring that the complaint Donovan intends to file against Mintz Levin violates the arbitration provisions and agreement between the parties;

C. That the court enter an order adjudging, declaring, and enforcing the confidentiality obligations and other provisions of the agreement between the parties as they are written;

D. That the court enter an order adjudging and declaring that Donovan must indemnify the defendants for any harm suffered as a result of any disclosure made by

Donovan of information protected under the confidentiality obligations between the parties;

    E.    That the court award the defendants their fees and costs in this matter; and

    F.    That the court award such other and further relief as may be in the interest of justice.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief Plaintiff seeks is barred by the terms of a valid contract.

### THIRD AFFIRMATIVE DEFENSE

The relief Plaintiff seeks breaches the terms of a valid contract.

### FOURTH AFFIRMATIVE DEFENSE

The purpose for which Plaintiff brings this suit violates the express and implied terms of a valid contract.

### FIFTH AFFIRMATIVE DEFENSE

The relief Plaintiff seeks is contrary to public policy.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is obligated to indemnify and hold harmless defendants from any costs incurred as a result of obtaining the relief sought.

### SEVENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction in that the amount in controversy does not exceed $75,000.

## EIGHTH AFFIRMATIVE DEFENSE

Venue is not proper with respect to defendants Hyde and Burnham.

## NINTH AFFIRMATIVE DEFENSE

The relief sought is barred by the doctrine of accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by the doctrine of waiver.

Respectfully submitted,

Raytheon Company
Daniel Burnham
Thomas Hyde

By and Through Their Attorneys,

s/s Gabrielle R. Wolohojian_____ \_\_\_\_\_
Joan A. Lukey BBO # 307340
Gabrielle R. Wolohojian, BBO #555704
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  617-526-6000
Fax:  617-526-5000

**Certificate of Service**

I, Gabrielle R. Wolohojian, hereby certify that I caused a true and accurate copy of the foregoing document to be served on counsel for the plaintiff by overnight service this 4th day of October, 2004.

/s/ Gabrielle R. Wolohojian_____
Gabrielle R. Wolohojian

BOSTON 2302572v1